IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.  22-cr-00290-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.    CHANG SU,

       Defendant.

## PLEA AGREEMENT

The United States of America (the "Government"), by and through Andrea Surratt, Assistant United States Attorney for the District of Colorado, and the defendant, CHANG SU, personally and by counsel, Lisa A. Polansky, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.   AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees:

(1)    to waive indictment and plead guilty to an Information charging a violation of 21 U.S.C. § 843(b);

(2)    to waive certain appellate and collateral attack rights, as explained in detail below; and

(3)    not to contest forfeiture as more fully described below.

**B. Government's Obligations:**

Court Exhibit

1

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (B). The government agrees to recommend a sentence of probation. The government further agrees not to bring other charges against the defendant based on information currently known to the United States Attorney's Office, District of Colorado as to SU's involvement in the distribution of ketamine. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment. The parties understand that this agreement is not binding on the Court.

Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a).

**Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction, 21 U.S.C. § 843(b)

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 8; or

 (3) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

 (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

 (2) the defendant was deprived of the effective assistance of counsel; or

 (3) the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in

18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 28, United States Code, Section 2461(c) and Title 21, United States Code, Section 853, whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. Specifically, the defendant agrees to the forfeiture of $8,000.00 seized from the defendant on May 25, 2021. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames. The United States agrees to return $19,746.00 seized from the defendant.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

## II.   ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of 21 U.S.C. § 843(b) are as follows:

1. The defendant knowingly used the internet; and

2. In so doing, the defendant acted with the intent to commit, cause or facilitate the commission of a drug felony, namely 21 U.S.C. §§ 841(a)(1), 841(b)(1)(E)(i), and 846 (attempted possession of a controlled substance with the intent to distribute)

3. The felony drug offense was actually committed

### III. STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count One of the Information is not more than four years' imprisonment; maximum term of supervised release of one year; a maximum term of probation of five years; a maximum fine of $250,000; and a $100 mandatory victim's fund assessment fee.

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States, or confined indefinitely if there is no country to which the defendant may be deported, denied future admission into the United States, and/or to be denied citizenship.

### V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18

U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

On or about May 24, 2021, using an internet-based chat program, SU and a co-conspirator ("CC-1") coordinated the delivery of a parcel from overseas to SU's residence in the District of Colorado. During these communications, SU was in the District of Colorado. The parcel contained approximately six kilograms of ketamine, a schedule III controlled substance; SU was aware that the parcel contained a controlled substance. Though the parcel was seized at the border, had it arrived in the District of Colorado, SU intended to send the parcel and its contents to CC-1.

## VI.   ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline

computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

  a) The Guideline applicable to 21 U.S.C. § 843(b) is U.S.S.G. § 2D1.6, which points to U.S.S.G. § 2D1.1.

  b) The defendant was responsible for approximately 6,000 grams of ketamine, which equates to 6,000 grams, or 6 kilograms, of converted drug weight. Pursuant to U.S.S.G. § 2D1.1(c)(14), the base offense level is 12.

  c) Pursuant to U.S.S.G. § 2D1.1(b)(18), because the defendant meets the criteria in U.S.S.G. § 5C1.2(a), two levels are subtracted.

  d) The adjusted offense level is 10.

  e) Because the defendant demonstrated acceptance of responsibility, two levels are subtracted pursuant to U.S.S.G. § 3E1.1(a). The resulting total offense level is 8.

  f) The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category I.

  g) The career offender/criminal livelihood/armed career criminal adjustments do not apply.

  h) The advisory guideline range resulting from these calculations is 0-6 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 0 months (bottom of Category I) to 24 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

        i)       Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $2,000 to $20,000, plus applicable interest and penalties.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.  ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied, other than supplements to this plea agreement, if any. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 02/15/2022

*[signature]*
CHANG SU
Defendant

Date: 2/15/2022

*[signature]*
Lisa A. Polansky
Attorney for Defendant

Date: 11/2/22

*[signature]*
Andrea Surratt
Assistant U.S. Attorney